PeR Curiam:
The claimant makes a motion that certain papers in the files in this case be returned to the Secretary of the Interior for certification. The motion is resisted by the Government. The following facts are made to appear: After the suit was brought the Department of Justice, in due course, as provided by section 188, Revised Statutes, notified the Interior Department, and received from the latter the originals of practically all papers connected with said matter, including correspondence between officials and reports of subordinates to their superiors relative to the work being done and that which had been done. The claimant’s attorney was permitted to examine these papers and to select such of them as he desired to be filed, and an attorney in the Department of Justice who had been designated to assist in the preparation of the defense selected certain of said papers, and the papers so selected by said two attorneys were, with the knowledge and consent of both, filed in the office of the clerk of this court. Thereafter the defendants prayed an order to print in said case, and said papers which had been filed were printed. When testimony was being taken the claimant’s attorney sought to use the printed copy of one of the papers which had been filed and printed as aforesaid and to examine the witness relative to the same, it purporting to be a report which said witness as a Government agent had made to his superior relative to the subject matter of the contract between the parties. Its use was objected to by the Government counsel upon several distinct grounds, some going to the competency and materiality of the said report and the testimony sought to be elicited, and the additional ground was assigned that said report had not been' certified by the Secretary of the Interior.
The principal question, therefore, at this time is as to whether said report, and some other papers, should be sent *318 to the Secretary of the Interior for formal certification, though they had been filed and printed, as above stated, and their genuineness is not questioned.
It has for many years been allowable by statute, now section 164 of the Judicial Code, for a claimant to secure information from an executive department through a call made by the court, upon the claimant’s motion therefor, specifying the information sought and generally showing that the information is material and competent evidence and within the power of the department to furnish. The motion for such a call is filed in the court, notice of the motion is given the Department of Justice, and objection to all or any part of the motion may be made. If no objection is made to it the call generally issues as of course when allowed by one of the judges of the court; and if objected to the objections are considered and ruled upon or the motion is sent to the calendar for argument and further consideration by the court.
A practice has been indulged (and it may be conceded with the court’s knowledge) by which the claimant’s attorney, instead of seeking a call by the court in the manner stated, waits until the Department of Justice has had a reply to its notice of suit from the executive department concerned, and said response is then by the parties used, to all intents as if it had been made to a regular call by the court. The latter course seems to have been adopted in this case under the circumstances above detailed.
When said papers were received from the Department of the Interior by the Department of Justice, the latter could have refused examination of them by claimant’s attorney and left the latter to seek information, through a call by this court, upon the Interior Department. But, pursuing the other practice, it was agreed that certain of said papers selected by the respective attorneys should be filed in this court. The objection that the papers so filed and printed were not certified under the official seal of the Interior Department comes too late after said action in the absence of any question as to their genuineness or any showing that they were filed through improvidence, mistake, or fraud. We do not mean to say that by the filing of said papers the *319 parties waive any objection to their competency, relevancy, or materiality as evidence, but we do mean to hold that the defendants can not file papers in the court and have the court order them printed as parts of the record, and thereby accredit such papers as being genuine documents, and after-wards, without any motion to strike them from the files, or any showing that they were unintentionally or improvidently filed, or were filed through mistake or fraud, object to their use upon the technical objection that they do not come to the court under the seal of the department from which they emanated. The court can not accept the view that the Department of Justice would file papers in the court which are not genuine or otherwise than what they purport to be.
The said deposition was being taken in the far West. Necessarily, it involved considerable expense to both the claimant and the Government to be represented by counsel from Washington. It would be unreasonable to hold, under these circumstances, that the witness should be excused from answering questions, or his deposition should be suspended, until a motion can be made in the Court of Claims that the papers about which the witness is being interrogated should be returned to the executive department for a formal certification, when there is no question as to their genuineness and they have been accredited to the court by the action of the Department of Justice.
Objections can be made to the interrogatories propounded in such case, the relevancy, materiality, or competency of the testimony sought to be elicited can be objected to, and all questions involved can be reserved for the court’s action, and such objections as are made should be succinctly and clearlv stated as objections to interrogatory or answer, or both, as may be desired, without the prolixity or argument which, we regret to say, so frequently encumbers records of depositions in this court. There are certain well-known exceptions and privileges, intended principally for the protection of the witness, which will excuse him from answering questions propounded to him; but, generally speaking, a witness *320 is expected to answer the question, leaving it for the court to determine whether the question is a proper one or the testimony sought is competent or admissible. His failure to answer because advised by counsel not to answer will not justify his refusal, as a general rule. Where a witness refuses to answer a question, unless it comes within the exception of which he may avail himself, the commissioner should report the facts, with the style of the cause and the name and address of. the witness, to the court for such action as it may deem appropriate.
The said report was not competent as evidence of its contents, but may be competent in cross-examination of a witness who made it in testing the accuracy of his statements on the stand or for purposes of contradicting him, and certainly the witness in such event may make explanations of the report or its statements. It is unnecessary, in our view, to rule upon the motion of claimant; and the questions of competency or materiality of the statements in the report, for the purposes stated, will be considered, if desired, on the hearing.